Answer by letter — Wieler
FILED 20
Honorable Max Patten Prosecuting Attorney Jasper County 1313 Crest Joplin, Missouri 64801
Dear Mr. Patten:
This is in response to the request or your predecessor for an opinion as to whether or not a taxpayer who has disputed his property tax statement for the year 1970 and refused to pay any tax on said property prior to the time said tax became delinquent should be required to pay any penalty and/or interest on the tax finally levied following protracted litigation.
It is our understanding that the facts involved are as follows:
 A taxpayer in Jasper County disputed the assessment value set upon his real property for the taxable year 1970. On October 30, 1970, following administrative review, the State Tax Commission set an assessment value or $21,000 on the taxpayer's property and certified this amount to the county. This figure was placed on the county's tax book prior to October 31, 1970, and turned over to the county collector for collection. Subsequently, the county collector notified the taxpayer that his 1970 tax, based upon the State Tax Commission's decision with regard to assessment, was $1,073.10, said tax to be paid on or before December 31, 1970. In the meantime, the taxpayer determined to contest the assessed valuation placed upon his property by the State Tax Commission and, accordingly, filed a petition in the Circuit Court or Jasper County on November 27, 1970. However, no stay order preventing the Tax Commission from certifying its findings to the county or the county from placing these figures in the hands or the county collector was ever issued. On January 1, 1971, the delinquent date for the payment of 1970 property taxes, no payment in any amount was tendered to the county collector. On October 21, 1971, the Circuit Court of Jasper County set aside the assessment placed upon taxpayer's property by the State Tax Commission and ordered that the cause be remanded to the Tax Commission for a new hearing. In March, 1972, the State Tax Commission issued new findings setting the assessed value at $11,850. Based upon the new findings, the taxpayer was notified in April that a tax of $610.29 was being levied against him for 1970 property taxes by use of a supplemental tax book prepared under the provisions of Section 137.300, RSMo 1969, and that interest and penalties in the amount or $85.44 and $12.21 respectively were being assessed as of the delinquent date, January 1, 1971. To date, the taxpayer has refused to pay the penalties and interest as determined by the county collector.
In our view, the taxpayer is not entitled to escape the penalty and interest provisions or the statutes. As stated in American Airlines, Inc. v. City or St. Louis, 368 S.W.2d 161, 167
(Mo. 1963), the general rule or taxation is that, in the absence or statutory authorization, courts have no power to relieve delinquent taxpayers from penalties imposed by statute. This principle is not affected by the fact that the taxpayer would suffer hardship by reason of the penalties; now it is affected by the fact that the taxpayer is contesting in good faith the validity of the tax levied, and that the penalties have largely accumulated while the litigation is pending respecting the validity or the tax. In an earlier opinion of this office, Opinion No. 14, issued October 31, 1957, to the Honorable Clay Cantwell, the Prosecuting Attorney of Taney County (copy enclosed), this office held that real estate taxes, once levied, are subject to the delinquency provisions of the law if they remain unpaid on the delinquent date.
In the factual situation contained in your request, it is obvious that a tax was levied upon the taxpayer for real property contained in Jasper County for the year 1970. Under the law, this tax became delinquent on January 1, 1971. Section 140.010, RSMo 1969. The taxpayer, although continuing to contest the assessment figure placed upon his property by the State Tax Commission, failed to secure a stay of the levy against him in circuit court. Neither did he avail himself or the provisions of Section139.031, RSMo 1969, and tender payment of the disputed tax under protest. Therefore, the tax, even though not finally determined until April, 1972, must be considered delinquent for tax purposes as of January 1, 1971. Under the provisions of Section 139.100, RSMo 1969, the collector must collect penalties and interest for this delinquency.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 14 10-31-57, Cantwell